# UNITIED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH CARRENO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>360 PAINTING, LLC, a Delaware Limited Liability Company; and DOES 1 to 100, inclusive,<br><br>Defendant<br><br>And Related Counter Claim | Case No.: 19CV2239-LAB (BGS)<br><br>**ORDER DENYING MOTION TO STRIKE**<br><br>[Dkt No. 20] |

Plaintiff and Counter-Defendant Deborah Carreno ("Carreno") filed a Motion to Strike six portions of 360 Painting, LLC's counterclaim for breach of contract. The motion is **DENIED**.

The Court can strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." Fed R. Civ. P. 12(f). Motions to strike are generally disfavored. *RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F.Supp.2d 556, 561 (C.D.Cal.2005). When ruling on a motion to strike, the court must accept all of the non-moving party's allegations as true and construe the pleading in the light most favorable to the non-movant. *Stearns v. Select Comfort Retail Corp.*, 763 F.Supp.2d 1128, 1140 (N.D. Cal. 2010). Such motions should be denied unless the allegations at issue "have no possible

relationship to the controversy, may confuse the issues, or otherwise prejudice to one of the parties." *Cortina v. Goya Foods, Inc.*, 94 F. Supp.3d 1174, 1182 (S.D.Cal. 2015).

## I. Allegations regarding Carreno's operation of an independent business are material.

Carreno contends whether she was operating an independent business is "immaterial and lacking sufficient support." Dkt. 20-1 at 5. A motion to strike is not a proper vehicle to test the evidentiary support for a party's allegations. *See* Fed. R. Civ. P. 12(f) (permitting courts to strike "redundant, immaterial, impertinent, or scandalous matter[s]"). And while a court may strike immaterial allegations, Carreno fails to show that her operation of an independent business would be immaterial.

360 Painting alleges that Carreno breached the parties' Franchise Agreement by failing to operate as a franchisee for five consecutive days. Dkt. 15 at ¶15. Whether Carreno instead was operating a separate business is material to whether she breached the Franchise Agreement by operating that separate business instead of the 360 Painting franchise. The Court declines to strike 360 Painting's allegations that Carreno was operating an independent business. *Id.* at ¶¶ 14, 16.

## II. Making an allegation on "information and belief" does not render it immaterial.

Carreno next argues that 360 Painting's allegation that Carreno continues to breach the Franchise Agreement is based on no more than a "hunch" because it is alleged on "information and belief." Dkt. 20-1 at 6. But this argument, too, only challenges the sufficiency of 360 Painting's factual allegations. The allegation that Carreno continues to take actions that 360 Painting alleges violate her contractual obligations is material to a claim for breach of contract. Dkt. 15 at ¶ 18.[1] Because Paragraph 18's allegations do not meet the standard for a motion to strike, the Court declines to strike that paragraph.

---

[1] The Court makes no determination of this allegation's sufficiency under Rule 12(b)(6).

**III.    Whether a defendant has an opportunity to breach a contract is material to a claim for breach of that contract.**

The Court also declines to strike the allegations of Paragraph 20. That paragraph alleges that Carreno's continued ability to access the Painters Estimating Program enables her to access 360 Painting's proprietary information and marks. Carreno asserts that this allegation is only speculation that she "*[could] do*" something, rather than that she *did* do something. Dkt. 20-1 at 7. But the speculative nature of an allegation does not render the alleged fact immaterial. Allegations that a defendant has the opportunity to breach a contract are material to a claim for that breach. *See, e.g., B&R Supermarket, Inc. v. Visa, Inc.*, No. C 16-01150, 2016 WL 5725010, at *8 (N.D. Cal. Sept. 30, 2016) (allegations that defendant had opportunity to collude supported plausibility of alleged conspiracy). Because Paragraph 20 alleges that Carreno had the opportunity to engage in the alleged breach, the Court will not strike it as immaterial.

**IV.    Allegations of the manner in which a claimant was harmed are material.**

Nor does Carreno establish Paragraph 21's immateriality. That paragraph alleges that Carreno's breach of the parties' agreement "hindered the ability of 360 Painting to find a new franchisee for this geographic region." Dkt. 15 at ¶ 21. A litigant seeking damages for breach of contract must prove the causal connection between the breach and the alleged harm. *See, e.g., Haass & Broyles Excavators, Inc. v. Ramey Bros. Excavating Co., Inc.*, 233 Va. 231, 235-36 (1987); Cal. Civ. Code § 3300. Paragraph 21's allegations would, if proven, establish the required causal connection, and so the Court cannot deem them immaterial.

**V.    The Court cannot declare the parties' franchise agreement illegal at this early stage.**

Finally, Carreno asks the Court to strike an allegation regarding the contents of the parties' Franchise Agreement on the ground that the agreement is illegal and thus immaterial. Dkt. 20-1 at 8. Carreno's motion to dismiss raises illegality as a defense to 360 Painting's Counterclaim, Dkt. No. 21-1, but merely raising a defense does not

establish that defense. *See Wash. Capitols Basketball Club, Inc. v. Barry*, 419 F.2d 472, 477 (9th Cir. 1969) (where illegality of contract is not apparent from face of pleading being attacked, defendants bear burden of proving such illegality). The Court will not deem the Franchise Agreement immaterial at this stage.

Because each of the allegations in question is material to the Counterclaim, the Court **DENIES** Carreno's motion to strike.

**IT IS SO ORDERED**.

Dated: July 21, 2020

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge