UNITIED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Deborah Carreno,<br><br>Plaintiff,<br><br>vs.<br><br>360 Painting LLC.,<br>Defendant | Case No. 3:19 CV 02239 LAB BGS<br><br>**ORDER DENYING MOTION TO DISMISS COUNTERCLAIM**<br>**[Dkt. 21]** |
|---|---|
| And Related Counter Claim | |

A pleading is only a statement of a party's claims, designed to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Fed. R. Civ. P. 12(b)(6) is available when a pleading "fail[s] to state a claim"—that is, the pleading isn't a "statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 12(b)(6); *see, e.g.,* 5B Wright & Miller, *Fed. Prac. & Proc.* Civ. § 1356 (3d ed.) ("Only when [a pleading] fails to meet the [Rule 8(a)(2) . . . standard . . . is it subject to dismissal under Rule 12(b)(6).") So motions under Fed. R. Civ. P. 12(b)(6) call on courts to answer only this: Is the challenged pleading a statement of a claim showing that the pleader is entitled to relief? It's a

question about the pleading itself, so facts that aren't part of the pleading aren't relevant to the answer.

Deborah Carreno has moved to dismiss 360 Painting's breach of contract Counterclaim under Rule 12(b)(6). Yet her Motion to Dismiss doesn't argue that the Counterclaim isn't a statement of a claim showing that 360 Painting is entitled to relief. Instead, Carreno goes straight to the merits, offering documents that aren't part of the Counterclaim in support of a defense that also doesn't appear on the Counterclaim's face. These outside facts can't change the Counterclaim's contents, and even if they could they don't prove Carreno's defense. Carreno hasn't carried her burden to show that the Counterclaim fails to state a claim for relief. The motion is **DENIED**.

## I.  Legal Standard

A Rule 12(b)(6) motion to dismiss is a preliminary evaluation of a party's pleading, intended only to "test[] the legal sufficiency of [the] claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Parties don't need to prove their claims at such an early stage, only state them sufficiently. *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n. 8 (complaint "may not be dismissed based on . . . assessment that the plaintiff will fail to . . . prove his claim").

Because Rule 12(b)(6) focuses on whether the challenged pleading fails to state a claim, rather than whether the pleader will prove the claim, courts evaluate the pleading's contents in isolation. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). This is less restrictive than it sounds—the pleading's contents can include materials not explicitly quoted or attached, so long as the materials' authenticity is not contested and the pleading "necessarily relies" on them. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chemical Co.*,

443 F.3d 676, 681 (9th Cir. 2006).

In keeping with the limited inquiry of a Rule 12(b)(6) motion, another party's affirmative defense can support a finding that the pleading fails to state a claim only when the defense "is obvious on the face of [the pleading]." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013); *see also* Dkt. 21-1 at 7 (citing 5B Wright & Miller, Federal Practice and Procedure § 1357, at 708 (3d ed. 2004)). And even when a party restricts its dismissal arguments to the pleading's contents, the party asserting the affirmative defense bears the burden of proving it. *See Jones v. Taber*, 648 F.2d 1201, 1203 (9th Cir. 1981) ("[T]he burden is always on the party advancing the affirmative defense to establish its validity").

## II.  Discussion

Carreno contends that 360 Painting's claim for breach of the parties' Franchise Agreement fails to state a claim because federal and California franchise law entitle her to rescission of that agreement. 360 Painting was required to disclose its prior business history, but Carreno argues that it didn't. As proof, she submits business formation documents for several entities that were not disclosed in the Franchise Disclosure Documents ("FDD") attached to her Complaint. But those extrinsic documents don't alter the contents of the Counterclaim, and the defense is neither obvious on the Counterclaim's face nor conclusively established by the proffered documents.

> *A. The documents Carreno relies on aren't proper for consideration on a Rule 12(b)(6) motion to dismiss.*

A document that a pleading necessarily relies on can be considered part of that pleading (and thus relevant to whether the pleading states a claim) if the document is incorporated by reference. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). If the pleading doesn't refer to a document,

or if the document isn't central to the pleading's claim, the pleading doesn't incorporate that document. *See id.* Here, the Counterclaim makes no mention of Carreno's documents and there is no indication that business formation documents for these other entities are "central to" 360 Painting's breach of contract claim (as opposed to Carreno's defense). *See Harmon v. Johnson & Johnson*, Case No. CV 09-2979, 2009 WL 10659667 at *2 (C.D. Cal. July 30, 2009).[1]

Carreno's Reply attempts to avoid this result by pointing to the Franchise Disclosure Documents ("FDD"). Dkt. 34 at 2. But not only were these attached to *her own* Complaint, rather than the Counterclaim, they're not even the same documents.

Attachment to Carreno's Complaint doesn't make the documents part of the Counterclaim. The Counterclaim still doesn't refer to them, and they're still not central to its claim. While courts often deem the contents of documents attached to a complaint true, they do so because the challenged pleading—usually a complaint—must be accepted as true for the purposes of the motion to dismiss. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Documents that the challenged pleading incorporates by reference are part of that pleading, so those documents' contents temporarily must be deemed true, too. *Id.* Carreno's Complaint and the contents of the documents attached to it don't get that deference because her Complaint isn't the pleading facing dismissal.

Nor would treating as true the contents of documents attached to Carreno's Complaint make a difference here: The Complaint doesn't attach or even mention the documents in question. Instead, Carreno argues that

---

[1] While *Marder* itself considered a contractual release as "central to" the plaintiff's claims, it appears to have done so because the plaintiff sought declaratory relief as to the meaning of the contract. *See Marder*, 450 F.3d at 448.

1  the attached FDD *should* have included the other documents. Dkt. 34 at 2-4.
2  Carreno didn't even hint at this unguessable connection to the Counterclaim
3  until she filed her reply brief, so she waived the argument and the Court need
4  not consider it. *See, e.g., Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir.
5  2010) ("[A]rguments raised for the first time in a reply brief are waived."). In
6  any event, if the Counterclaim's closest connection to these documents is
7  that they *weren't* part of a document attached to a *different* pleading, then
8  the Counterclaim plainly didn't refer to them and can't have incorporated
9  them by reference.

10  Alternatively, Carreno asks the Court to take judicial notice of the
11  documents. Courts can judicially notice facts that "can be accurately and
12  readily determined from sources whose accuracy cannot reasonably be
13  questioned," Fed. R. Evid. 201 (b)(2), but they have discretion to decline to
14  do so. *See Madeja v. Olympic Packers, LLC*, 310 F.3d 628, 639 (9th Cir.
15  2002). The documents aren't central to the Counterclaim and the rescission
16  defense they relate to isn't "obvious on the [Counterclaim's] face." *See*
17  *Rivera*, 735 F.3d at 902. They don't tell the Court anything about the
18  Counterclaim's sufficiency and considering them wouldn't make the
19  rescission defense any more obvious (as discussed *infra*). The Court
20  declines to take judicial notice of the documents.

21  *B. The documents don't establish that Carreno is entitled to*
22  *rescission.*

23  Even if Carreno's proffered documents were part of the Counterclaim,
24  they don't establish the defense she urges. She contends that the documents
25  and the FDD demonstrate that 360 Painting didn't disclose its prior business
26  experience. This, she argues, entitles her to rescission. *See* Dkt. 21-1 at 7-9.
27  Considered together with the FDD and the Counterclaim, the documents
28  don't establish that 360 Painting had to disclose them, and even so, Carreno

1 hasn't shown that she could claim rescission under federal law.

2 First, federal law: The regulations Carreno cites implement the Federal
3 Trade Commission Act. *See* 16 C.F.R. § 436.5 (identifying authority for
4 issuance as FTC Act). That Act doesn't provide any private right of action,
5 so violation of its implementing regulations won't support a private defense
6 of rescission. *See Carlson v. Coca Cola Co.*, 483 F.2d 279, 280 (9th Cir.
7 1973) (no private right of action under FTC Act).

8 California law, on the other hand, would grant Carreno a right to
9 rescission if she had proved that the franchisor willfully failed to disclose its
10 prior business experience, but Carreno hasn't proven it. Cal. Corp. Code §§
11 31101, 31202, 31300. The documents and Counterclaim, without more, don't
12 indicate any connection to 360 Painting. Two of the documents reference
13 Paul Flick, whom 360 Painting identifies as its CEO in separate briefing. *See*
14 Dkt. 21-3, 21-5, 39-1. Even if this were part of the Counterclaim, Carreno
15 offers no authority to suggest that 360 Painting was required to disclose
16 *Flick's*, rather than 360 Painting's, prior business experience. *See* Cal. Corp.
17 Code § 31101 (requiring disclosure of "business experience of the
18 franchisor"); Dkt. 1-2 at 193, 237 (Franchise Agreement identifying 360
19 Painting as "Franchisor").

20 Even if the additional documents could be treated as part of the
21 Counterclaim, they aren't sufficient to meet Carreno's burden to prove her
22 right to rescission under California or federal law. They can't justify dismissal.

23 **III.    Conclusion**

24 On a motion to dismiss, the Court is restricted to considering the
25 pleading's contents, broadly construed. It can't consider documents that the
26 pleading's claim doesn't rely on, nor can it consider defenses that aren't
27 obvious on the pleading's face. Carreno's Motion to Dismiss asks the Court
28 to start with facts that 360 Painting's breach of counterclaim doesn't rely on

and end by concluding that her non-obvious defense bars 360 Painting's breach of contract claim. The Court can't do either on a motion to dismiss, so it **DENIES** Carreno's Motion and her associated Request for Judicial Notice.

Dated: August 12, 2020

*Larry A. Burns*
Hon. Larry Alan Burns
Chief United States District Judge