UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deborah CARRENO,<br><br>           Plaintiff,<br><br>v.<br><br>360 PAINTING, LLC.; and DOES 1-100,<br><br>           Defendant. | Case No.:  19-cv-02239-LAB-BGS<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO EXTEND DISCOVERY AND TRIAL RELATED DATES**<br><br>[ECF No. 46] |

On September 15, 2020, Plaintiff Deborah Carreno ("Plaintiff") filed a Joint Motion to Extend Discovery and Trial Related Dates, seeking to extend discovery and trial related dates by approximately six months.  (ECF No. 46 at 2–3.)  Plaintiff states that the parties have been unable to come to an agreement as to how long the extension should be.  (*Id.* at 2.)  Plaintiff argues that good cause exists for the following reasons: (1) Carreno's offices were closed for a significant amount of time due to the COVID-19 pandemic, (2) Plaintiff's counsel suffered from a significant sickness that interfered with its operations, (3) Plaintiff's former lead attorney unexpectedly left to Maine, (4) at least half of Plaintiff's counsel's employees are dealing with issues regarding their children being unable to return to school, and (5) pleadings for both parties were finalized only eleven days prior to the original Fact Discovery deadline.  (*Id.* at 3–4.)

On September 16, 2020, Defendant 360 Painting, LLC ("Defendant") filed its Declaration of David M. Greeley in Opposition to Plaintiff's Motion. (ECF No. 47.) Mr. Greeley states that on August 28, 2020, Plaintiff's counsel suggested a thirteen-month extension to all trial and discovery deadlines without any explanation other than that the Fact Discovery deadline was approaching and that no discovery had occurred. (*Id.* at 2.) Mr. Greeley declares that Plaintiff sent a proposed joint motion on September 11, 2020 that extended trial and discovery related deadlines for thirteen months. (*Id.*) Mr. Greeley indicates that there was no explanation for the thirteen-month extension and proposed to extend the deadlines as much as three months. (*Id.*) Mr. Greeley declares that Plaintiff's counsel responded that they will need at least a six-month extension due to "cancer issues" and "due to illness." (*Id.*) Mr. Greeley states that Plaintiff's Joint Motion to Extend Discovery and Trial Related Dates was filed without his prior knowledge and without his authorization. (*Id.*) Mr. Greeley proposes extending only Fact Discovery for three months, from September 14, 2020 to December 14, 2020. (*Id.* at 3.)

The Court then instructed Plaintiff's counsel to file a declaration detailing (1) the steps taken to comply with the dates and deadlines set in the scheduling order, (2) what specific discovery has been conducted, (3) what specific discovery remains outstanding, and (4) the specific reasons for why the remaining discovery could not be completed. (ECF No. 48.)

On September 18, 2020, Plaintiff filed a Declaration of Kelly E. Duford. (ECF No. 49.) The declaration recites the case's docket activity and indicated that Plaintiff has not conducted any discovery because "Carreno had been waiting for the resolution of the aforementioned motions before conducting discovery." (*Id.* at 2–4.) Ms. Duford states that the Joint Discovery Plan "did not foresee the continuum of motions being in this case . . . and Defendants have also not propounded any discovery on Plaintiff regarding its Counterclaim or defenses[.]" (*Id.* at 4.) Ms. Duford states that her office met and conferred with opposing counsel to discuss the extension of discovery deadlines. (*Id.*) Ms. Duford states that she has personally attempted to bridge the gap between Plaintiff's

and Defendant's proposed extensions. (*Id.*) Ms. Duford declares that the discovery that remains outstanding are depositions, interrogatories, requests for admissions, and requests for production. (*Id.* at 4–5.) Ms. Duford reiterates the reasons provided in Plaintiff's Joint Motion to Extend Discovery and Trial Related Dates (ECF No. 46) for why discovery has not been completed. (ECF No. 49 at 5.) Ms. Duford states that Defendant's counsel expressed willingness to extend dates after the outstanding motions had been ruled on, but was unwilling to extend beyond three months, which is needed since neither party has propounded discovery to date. (*Id.* at 5–6.)

On May 20, 2020, the Court issued its Scheduling Order regulating discovery and other pre-trial deadlines. (ECF No. 28.) The Scheduling Order indicated that Fact Discovery was to be completed by September 14, 2020 and initiated with a "sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date[.]" (*Id.* at 1–2.) Plaintiff is seeking to extend a date that has already passed, i.e. the Fact Discovery deadline.

A Scheduling Order may be modified only for good cause and with the judge's consent. *See* Judge Skomal's Chambers' Rule III(C); *see also* Fed. R. Civ. P. 16(b)(4). In the absence of good cause, the court will not modify the scheduling order. *See Johnson v Mammoth Recreations, Inc.,* 975 F.2d 604, 608–09 (9th Cir. 1992). The inquiry under Rule 16(b)'s good cause standard primarily focuses on the diligence of the party seeking the amendment. *Id.* at 609. If the party was not diligent, the inquiry should end. *Id.* Judge Skomal's Chambers' Rules reminds counsel of "their duty of diligence and that they must 'take all steps necessary to bring an action to readiness for trial.'" Judge Skomal's Chambers' Rule III(C) (citing Civ. Loc. R. 16.1(b)).

When the motion to extend time is made after time has expired, "the court may, for good cause, extend the time [. . .] if the party failed to act because of excusable neglect." Fed. R. Civ. P 6(b)(1); *see also* Judge Skomal's Chambers' Rule III(C)(3). The determination of excusable neglect takes into account: (1) the danger of prejudice; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reasons for the

delay which includes whether it was within the reasonable control of the party seeking to show excusable neglect; and (4) whether that party acted in good faith. *Coleman v. Blue Cross Blue Shield of Kan.*, 487 F. Supp. 2d 1225, 1234–35 (D. Kan. 2007).

Judge Skomal's Chambers' Rules specifically states that "[w]hen a party seeks a modification of the schedule and the opposing party will not agree to the extension, counsel must promptly and *jointly* contact Judge Skomal's chambers and speak with the research attorney assigned to the case. If a party is unresponsive to a request to *jointly* contact Judge Skomal's chambers, after 48 hours, counsel for the moving party is to contact chambers and the Court will issue a minute order setting a telephonic conference with the research attorney assigned to the case." Judge Skomal's Chambers' Rule III(C)(2) (emphasis added). Since the Defendant was not in agreement with Plaintiff's request to extend discovery and trial related dates, per this Chambers Rule, Plaintiff was required to contact the Court, which she did not.

Further, since Plaintiff's request for an extension is after the cutoff date for Fact Discovery, Plaintiff must now show excusable neglect. (*See* ECF No. 28 at 1.) Plaintiff offers by way of declaration that she did no discovery. (ECF No. 49 at 4, ¶ 24.) Plaintiff rationalizes her complete noncompliance with the CMC order, which requires discovery be initiated with a "sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date[,]" stating that "Carreno had been waiting for the resolution of the aforementioned motions." (*See id.* at ¶¶ 13–24; *see also* ECF No. 28 at 1.) Plaintiff never called to Court to seek permission to stay the CMC order while these motions were pending, as is required by Chambers Rules. Instead Plaintiff did nothing. Plaintiff fails to show due diligence, and much less excusable neglect.

While the Court sympathizes with Plaintiff's counsel during these difficult times, Plaintiff's counsel did not contact the Court to indicate that an extension of time was needed due to the circumstances listed in Ms. Duford's Declaration. (*See* ECF No. 49 at 5, ¶¶ 32–35.) In fact, this case's docket activity reflects that Plaintiff's counsel was able to conduct their legal work without being impacted by the reasons given in Ms. Duford's

Declaration for why discovery has not been completed.  (*See id.* at 2–4, ¶¶ 6–23; *see also id.* at 5, ¶¶ 32–35.)

It appears to the Court that both parties are under the mistaken belief that they can agree to extensions of discovery and other pre-trial deadlines on their own.  (*See id.* at 5, ¶¶ 36–38.)  However, a Scheduling Order may only be modified with the Court's permission.  *See* Fed. R. Civ. P. 16(b)(4); *see also* Judge Skomal's Chambers' Rule III(C).  Even if Defendant had agreed to an extension, both parties would still have to justify the extension by a showing of due diligence.  *See* Judge Skomal's Chambers' Rule III(C)

Accordingly, Plaintiff's counsel has not justified the lengthy extension of all deadlines in the Scheduling Order as requested.  Despite Defendant's counsel's proposal of a three-month extension as to the Fact Discovery deadline (*see* ECF No. 47 at 3, ¶ 9), Defendant's counsel has not addressed why the Defendants should be granted an extension of discovery.  Therefore, as to Plaintiff's request to extend the Fact Discovery deadline, in the interest of justice, the Court will extend Plaintiff's deadline to complete Fact Discovery by 90 days, until **Wednesday, December 23, 2020**.  No other deadlines in the Scheduling Order are modified.

If Defendant is also seeking to extend its Fact Discovery deadline until December 23, 2020, Defendant's counsel needs to file a declaration detailing (1) the steps taken to comply with the dates and deadlines set in the scheduling order, (2) what specific discovery has been conducted, (3) what specific discovery remains outstanding, and (4) the specific reasons for why the remaining discovery could not be completed.  *See* Judge Skomal's Chambers' Rules III(C).  Defendant's additional declaration must be filed by 3:00 PM on Friday, September 25, 2020.

**IT IS SO ORDERED.**

Dated:  September 23, 2020

Hon. Bernard G. Skomal
United States Magistrate Judge